UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANNE MARIE KEHOE, )<br>)<br>　　　　　Petitioner )<br>) 　1:22-cv-00230-JAW<br>v. )<br>)<br>LARRY A. REYNOLDS, )<br>)<br>　　　　　Respondent ) | |

### RECOMMENDED DECISION
### AFTER REVIEW OF PETITION

Petitioner requests a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Petition, ECF No. 1.)  According to Rule 4 of the Rules Governing Section 2254 Cases (i.e., habeas cases), upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1]  Upon review of the petition, I recommend the Court dismiss the petition for lack of jurisdiction.

#### DISCUSSION

"Federal courts are courts of limited jurisdiction.  They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects."  *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016).  "District courts are limited to granting habeas

---

[1] Although Petitioner seeks habeas relief under § 2241, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions."  *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases); *see also*, *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . .").

relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)). "The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Id.* at 443. "Whenever a § 2241 habeas petitioner seeks to challenge his [or her] present physical custody within the United States, he [or she] should name his [or her] warden as respondent and file the petition in the district of confinement." *Id.* at 447.

Here, Petitioner seeks habeas relief for another individual, but alleges no facts from which the Court could conclude that the individual is being held in custody in this district.[2] The Court, therefore, lacks jurisdiction over the matter.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the petition.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

---

[2] Petitioner has also failed to allege any facts that would support a finding that Petitioner has "next-friend standing" pursuant to 28 U.S.C. § 2242 to assert the claim. *See Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153 (9th Cir. 2002).

       Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                                         <u>/s/ John C. Nivison</u>
                                                         U.S. Magistrate Judge

Dated this 27th day of July, 2022.